UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. JFM-11-1001 |
| v. ) | |
| ) | |
| CYNTHIA ALLEN-WILLIAMS, D.M.D. ) | THIRD-PARTY COMPLAINT |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN EDUCATION SERVICES ) | |
| ) | |
| Defendant. ) | |

\_\_\_\_FILED  \_\_\_\_ENTERED
\_\_\_\_LOGGED  \_\_\_\_RECEIVED

JUN 15 2011

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

**THIRD-PARTY COMPLAINT**

FACTUAL ALLEGATIONS

1. Plaintiff, United States of America, has filed against Defendant, Cynthia Allen-Williams, D.M.D. (hereinafter "the third-party plaintiff"), a complaint, a copy of which is hereto attached. (Exhibit A)

2. At all times relevant, Defendant, American Education Services, serviced the third-party plaintiff's student loans sequenced 1 – 11. In January 2006, the third-party plaintiff consolidated her student loans and the defendant thereafter has serviced and continues to service her loans sequence 12 and 13.

3. On or around May 22, 2002, the defendant contacted the third-party plaintiff by telephone alleging that she had defaulted on her student loans sequence 1 – 11 and that only an

accelerated payment schedule could rehabilitate the loans. Based upon these representations, the third-party plaintiff entered into an agreement with the defendant whereby she agreed to pay and did pay $2,000.00 per month commencing May 22, 2002 through June 24, 2003, inclusive, for a total of 14 payments equaling $28,000.00 to rehabilitate her student loans sequence 1 – 11. The third-party plaintiff commenced a regular payment schedule thereafter.

4. On May 27, 2004, the third-party plaintiff contacted the defendant seeking a temporary forbearance or deferment because she was scheduled to enter the hospital on June 1, 2004 to give birth to her daughter. Further to the defendant's requirement, the third-party plaintiff made a $1,562.48 payment and entered into a forbearance agreement with the defendant.

5. In December 2005, the third-party plaintiff submitted an application to consolidate her student loans a copy of which is hereto attached. (Exhibit B). On or around February, 2006, the third-party plaintiff received notification from the defendant that her loans had been consolidated.

6. In April, 2010, the third-party plaintiff received a telephone call from the plaintiff, who alleged that she owed more than $76,000.00 on her defaulted loans sequence 1 and 2 and advised that she enter into a consent judgment and repayment plan.

7. In April, 2010, the third-party plaintiff traveled to Baltimore, Maryland and met with the plaintiff. The plaintiff explained that as guarantor it purchased the third-party plaintiff's loans sequenced 1 & 2 in January 2005 after the defendant alleged she had defaulted for failing to make payments for seven consecutive periods after the May 27, 2004 payment described above in paragraph 4. The third-party plaintiff did not agree to a consent judgment at the meeting but requested time to investigate the matter.

8. Following her meeting with the plaintiff, the third-party plaintiff contacted the defendant by telephone seeking an explanation concerning the alleged defaulted student loans and a payment history for her student loans. The defendant's representative explained that a deferment was granted in June 2004, but only for loans sequence 3 – 11 and not for loans sequence 1 – 2. The representative further explained that the third-party plaintiff could not apply for a deferment of loans 1 – 2 "over the phone." The defendant further responded by Financial Activity Summary dated May 3, 2010 a copy of which is hereto attached. (Exhibit C).

8. By correspondence dated May 5, 2010, the defendant forwarded to the third-party plaintiff a "deferment and forbearance history" a copy of which is hereto attached. (Exhibit D).

9. On June 17, 2010, the third-party plaintiff made a written inquiry to the defendant seeking an explanation why payments had not been applied to her account a copy of which is hereto attached. (Exhibit E).

10. On June 23, 2010, the defendant responded with a letter explaining that the third-party plaintiff's loans sequence 1 – 11 were paid and that only her consolidated loans (sequence 12 & 13) currently remained in repayment status a copy of which is hereto attached. (Exhibit F). The defendant also requested that the third-party plaintiff submit her request for a financial account review again because the paperwork received was illegible.

11. On July 20, 2010, the third-party submitted a second written request for account review a copy of which is hereto attached. (Exhibit G).

12. On July 22, 2010, the defendant explained that the third-party plaintiff's account was rehabilitated on July 3, 2003. (Exhibit H)

13. On August 26, 2010, the third-party plaintiff made a written request for further

explanation of the defendant's July 22, 2010 reply a copy of which is hereto attached. (Exhibit I).

14. On August 26, 2010, the third-party plaintiff wrote to the plaintiff with an update of her investigation a copy of which is hereto attached. (Exhibit J).

15. On September 28, 2010, the defendant forwarded a copy of the third-party plaintiff's consolidation application identified above in paragraph 5 a copy of which is attached. (Exhibit K).

16. On October 1, 2010, the third-party plaintiff made a second formal request for explanation of the defendants' July 22, 2010 reply a copy of which is hereto attached. (Exhibit L).

17. On October 1, 2010, the third-party plaintiff forwarded a written update to the plaintiff a copy of which is hereto attached. (Exhibit M).

18. On October 8, 2010, the third-party plaintiff made a third request for explanation of the defendant's July 22, 2010 reply and forwarded a copy of the request to the plaintiff a copy of which is hereto attached. (Exhibit N).

19. On October 25, 2010, the defendant forwarded a written explanation of its disbursement of the third-party plaintiff's $28,000.00 payments a copy of which is hereto attached. (Exhibit O).

20. On November 11, 2010, the third-party plaintiff forwarded a written request to the defendant for a copy of the alleged "Rehabilitation Agreement" referenced in its October 25, 2010 reply a copy of which is hereto attached. (Exhibit P).

21. On or around November 11, 2010, the third-party plaintiff contacted the defendant by

telephone and requested a Financial Activity Summary for loans sequence 9, 10 and 11, that were outstanding from the defendant's May 3, 2010 reply.

22. On November 24, 2010, the third-party plaintiff made a written request for a Financial Activity Summary for loans sequence 9, 10 and 11 a copy of which is hereto attached. (Exhibit Q).

23. On November 24, 2010, the third-party plaintiff received the Financial Activity Summary for her loans sequence 9, 10 and 11 in correspondence from the defendant dated November 18, 2010 a copy of which is hereto attached. (Exhibit R).

24. On December 5, 2010, the third-party plaintiff wrote to the defendant requesting clarification of its October 25, 2010 reply a copy of which is hereto attached. (Exhibit S).

25. On December 9, 2010, the defendant forwarded a Financial Activity Summary for the third-party plaintiff's loans sequence 9, 10 and 11 a copy of which is hereto attached. (Exhibit T).

26 On December 11, 2010, the defendant forwarded a Financial Activity Summary for the third-party plaintiff's loans sequence 9, 10 and 11 a copy of which is hereto attached. (Exhibit U).

27. On December 16, 2010, the defendant forwarded a copy of an alleged Loan Rehabilitation Agreement a copy of which is hereto attached. (Exhibit V). The defendant's reply failed to include a copy of the referenced cover letter.

28. On March 9, 2011, the third-party plaintiff requested the defendant explain the basis for the $4,636.02 collection costs claimed in its October 25, 2010 reply identified above in paragraph 19 a copy of which is hereto attached. (Exhibit W). The defendant has not replied.

29. On March 25, 2011, the plaintiff forwarded a letter of intent to file suit against the third-party plaintiff a copy of which is hereto attached. (Exhibit X).

30. On March 28, 2011, the third-party plaintiff authorized the plaintiff to discuss her case in full with her husband a copy of which is hereto attached. (Exhibit Y).

31. On March 28, 2011, the third-party plaintiff requested the defendant to explain $10,845.74 in additional principal added to her consolidated loans a copy of which is hereto attached. (Exhibit Z). The defendant has not replied.

32. On April 5, 2011, Lawrence Palmer, a representative of the plaintiff, spoke by telephone with the third-party plaintiff's husband. During the conversation, Mr. Palmer asserted that the defendant had adequately demonstrated to the plaintiff that there were no legitimate questions concerning the debt allegedly owed by the third-party plaintiff. He further advised the third-party plaintiff to enter into a consent judgment and payment plan.

33. On April 6, 2011, the third-party plaintiff rejected the plaintiff's offer to enter into a consent judgment and repayment plan a copy of which is hereto attached. (Exhibit AA).

**CAUSE OF ACTION FOR BREACH OF CONTRACT**

34.     Plaintiffs realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 33 above.

35.     The third-party plaintiff is an individual who resides in the State of Maryland.

36.     The third-party plaintiff is informed and believes and thereon alleges that the defendant does and at all times mentioned herein has conducted and continues to conduct the business of servicing the educational loans of residents of the State of Maryland.

37.     The true names and capacities, whether individual, corporate, associate, or otherwise of defendant, named herein as American Educational Services, is unknown to plaintiff who therefore sues the defendant by such fictitious names. The third-party plaintiff will amend this

Third-Party Complaint to show the true name and capacity of the defendant when the same have been ascertained. The third-party plaintiff is informed and believes that the fictitiously named defendant is responsible in law and in fact for the obligations alleged herein. The third-party plaintiff is informed and believes and thereon alleges that at all relevant times the defendant was acting within the scope and course of his or her agency and employment.

38. On or around May 22, 2002, the third-party plaintiff entered into an agreement with the defendant to rehabilitate her student loans by making accelerated loan payments. The defendant agreed to accept accelerated loan payments in exchange for rehabilitating the third-party plaintiff's student loans. In consideration thereof, and directly in exchange for said services, the third-party plaintiff agreed to make and did make accelerated payments to the defendant at the rate of $2,000.00 per month for fourteen (14) consecutive months.

39. The third-party plaintiff has performed all of the conditions, convenants, and promises required to be performed in accordance with the terms and conditions of the contract, by paying to defendant fourteen (14) consecutive monthly payments in the amount of $2,000.00 per month for a sum total of $28,000.00 in accelerated payments.

40. The defendant breached the agreement with the third-party plaintiff by failing and refusing to perform in good faith the promise to apply the accelerated payments to the third-party plaintiff's loans.

41. The defendant has therefore breached the contract with the plaintiff, leading to its unjust enrichment and damage to the plaintiff. Plaintiff has been damaged in the amount of $28,000.00 plus interest from May 22, 2002 for benefits due pursuant to the Contract.

**SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

42. The third-party plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 41 above.

43. On or around May 27, 2004, the third-party plaintiff entered into a forbearance or deferment agreement with the defendant.

44. The third-party plaintiff has performed all of the conditions, convenants, and promises required to be performed in accordance with the terms and conditions of the contract, by paying to defendant $1,562.48 on May 27, 2004.

45. The defendant breached the agreement with the third-party plaintiff by failing and refusing to perform in good faith the promise to forbear or defer her payment obligation due to the birth of her daughter.

46. The defendant has therefore breached the contract with the plaintiff, leading to its unjust enrichment and damage to the plaintiff. Plaintiff has been damaged in the amount of approximately $80,000.00 plus interest from January 2005 for benefits due pursuant to the Contract.

### THIRD CAUSE OF ACTION FOR FRAUD

47. The third-party plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 46 above.

48. On May 22, 2002, the third-party plaintiff entered into an agreement with the defendant to rehabilitate her student loans by making accelerated loan payments. The defendant agreed to accept accelerated loan payments in exchange for rehabilitating the third-party plaintiff's student loans. In consideration thereof, and directly in exchange for said services, the third-party plaintiff agreed to make and did make accelerated payments to the defendant at the rate of

$2,000.00 per month for fourteen (14) consecutive months for a sum total of $28,000.00 in accelerated payments. The defendant represented an intent to apply the accelerated payments to the third-party plaintiff's student loan accounts. This representation was false and defendant knew the falsity of this representation at the time it was made.

49. The third-party plaintiff is informed and believes and thereon alleges that the defendant had no intention of applying the accelerated payments to her student loan accounts.

50. The third-party plaintiff relied on the representations of the defendant and would not have entered into the contract otherwise.

51. The third-party plaintiff is informed and believes and thereon alleges that the defendant intentionally and with deliberate indifference, *inter alia*, misappropriated her accelerated student loan payments, misinformed, failed to inform, mislead or failed to perform as required when she requested a temporary forbearance or deferment in May, 2004, misrepresented to the plaintiff that she defaulted on her student loans sequence 1 and 2, fraudulently sold her student loans sequence 1 and 2 to the plaintiff in January 2005 and unlawfully added additional principal to her consolidated student loans in January 2006 for the specific purpose of depriving the third-party plaintiff of her funds, harming, destroying and injuring her family, credit and community standing, and defrauding the third-party plaintiff, all with malice toward the third-party plaintiff. The third-party plaintiff has been injured by loss of use of her funds, injury to reputation, detriment to her credit and delay to the economic developmental of her family.

52. As a result of the fraud by the defendant, the third-party plaintiff has suffered substantial economic injury. The fraud by the defendant, notwithstanding, the defendant seeks unjust enrichment and has denied and continues to deny responsibility for injury to the third-party

plaintiff as represented.

53. In its effort for unjust enrichment, the defendant has embarrassed and caused financial, emotional and mental damage to the third-party plaintiff, subjecting her to federal lawsuit, public scorn, ridicule and damage to her reputation and financial credit.

54. The defendant has willfully and with malice aforethought misappropriated funds paid by the third-party plaintiff for the express purpose of fulfilling her financial obligation to the United States of America, damaged her reputation and public standing causing her to be sued in federal court and deprived her of the right to pay her loans in installment with the sole purpose and intention of its unjust enrichment and with deliberate indifference to the damage to the plaintiff's reputation, credit and good standing in the community. Plaintiff seeks compensatory damages in the amount of $300,000.00 for said acts.

55. These acts were malicious, fraudulent and oppressive, justifying an award of punitive damages so that the defendant will not engage in such conduct in the future and make an example of them.

### FOURTH CAUSE OF ACTION FOR FRAUD

56. The third-party plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 55 above.

57. May 27, 2004, the third-party plaintiff entered into a forbearance or deferment agreement with the defendant. The defendant represented that the third-party plaintiff's loans sequence 1 – 11 would be changed from repayment to forbearance or deferment status. This representation was false and defendant knew the falsity of this representation at the time it was made. At no time did defendant indicate that the third-party plaintiff's loans sequence 1 and 2

would not be changed from repayment to forbearance or deferment status.

58. The third-party plaintiff is informed and believes and thereon alleges that the defendant had no intention of changing the status of her loans sequence 1 and 2 from repayment to forbearance or deferment as represented.

59. The third-party plaintiff relied on the representations of defendant and would not have entered into the contract otherwise.

60. The third-party plaintiff is informed and believes and thereon alleges that defendant intentionally and with deliberate indifference, *inter alia*, misinformed, failed to inform, mislead or failed to perform as required when she requested a temporary forbearance or deferment in May 2004, misrepresented to the plaintiff that she defaulted on her student loans sequence 1 and 2, fraudulently sold her student loans sequence 1 and 2 to the plaintiff in January 2005 and unlawfully added additional principal to her consolidated student loans in January 2006 for the specific purpose of depriving the third-party plaintiff of her funds, harming, destroying and injuring her family, credit and community standing, and defrauding the third-party plaintiff, all with malice toward the third-party plaintiff. The third-party plaintiff has been injured by loss of use of her funds, injury to her reputation, detriment to her credit and delay to the economic developmental of her family.

61. As a result of the fraud by the defendant, the third-party plaintiff has suffered substantial economic injury. The fraud by the defendant, notwithstanding, the defendant seeks unjust enrichment and has denied and continues to deny responsibility for injury to the third-party plaintiff as represented.

62. In its effort for unjust enrichment, the defendant has embarrassed and caused financial,

emotional and mental damage to the third-party plaintiff, subjecting to her federal lawsuit, public scorn, ridicule and damage to her reputation and financial credit.

63.     The defendant has willfully and with malice aforethought misappropriated funds paid by the third-party plaintiff for the express purpose of fulfilling her financial obligation to the United States of America.  The defendant has willfully and fraudulently attempted to cover up its unlawful conduct by further unlawfully selling the third-party plaintiff's loans sequence 1 and 2 to the plaintiff causing damaged her reputation and public standing, causing her to be sued in federal court and depriving her of the right to pay her loans sequence 1 and 2 in installments with the sole purpose and intention of its unjust enrichment and with deliberate indifference to the damage to the plaintiff's reputation, credit and good standing in the community.  Plaintiff seeks compensatory damages in the amount of $300,000.00 for said acts.

64.     These acts were malicious, fraudulent and oppressive, justifying an award of punitive damages so that the defendant will not engage in such conduct in the future and make an example of them.

WHEREFORE THE THIRD-PARTY PLAINTIFF PRAYS for judgment against defendant as follows:

1.     For the sum of $108,000.00 for breach of contract and the value of its performance.

2.     For interest thereon at the legal rate from and after May 22, 2002.

3.     For $600,000.00 general damages for defendant's fraud and breach of contract.

4.     For punitive damages according to proof.

5.     For reasonable attorneys' fees and costs incurred herein.

6.     For such other and further relief as the court may deem just and proper.

**JURY TRIAL DEMAND**

The third-party plaintiff requests a jury trial on all questions of fact raised by this complaint.

Respectfully Submitted,

Dated: 06/14/2011    By: _____
Cynthia Allen-Williams, D.M.D., *pro se*
16603 Pleasant Colony Drive
Upper Marlboro, MD 20774
(202) 207-4628

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing Third-Party Complaint this 14th day of June, 2011, via first class mail, postage prepaid, to the following:

Thomas F. Corcoran
Assistant U.S. Attorney
36 South Charles Street
4th Floor
Baltimore, MD 21201

Respectfully Submitted,

Dated: 06/14/2011    By: _____
Cynthia Allen-Williams, D.M.D., *pro se*